## COURT OF APPEALS, JANUARY TERM, 1848.

JOSEPH SLOCUM, Appellant, vs. JOSEPH P. MOSHER and ISAAC CLAS-
SON, Respondents.

An agreement in writing signed by the respective parties to a suit, as follows: Mr. Sey-
    mour—Sir—Mr. Slocum and myself agree to have you and Mr. Stevens settle our Chan-
    cery suit for us, as we have not much hopes of having it settled in our lifetime without
    this disposition." (Signed.) Is not such an agreement as submits the cause to arbitra-
    tion—the persons selected to settle it, being the counsel for the respective parties.

*This was a motion made by appellant to strike the cause from the calendar,
with costs.*—On the ground that the cause had been submitted to arbi-
tration by an agreement in writing, signed by Joseph P. Mosher, one
of the respondents, and Hiram Slocum for Joseph Slocum, the appel-
lant.

It appeared that the bill of complaint was filed by Joseph Slocum
against Mosher and Classon, to enforce the specific performance of a
contract made by Classon with Slocum for the sale to Slocum of certain
real estate of Classon, which Mosher afterwards became the purchaser
from Classon. The cause was referred to the Vice-Chancellor of the
4th circuit, upon pleadings and proofs, and by whom a decree was made
dismissing the complainant's bill, as to both Defendants, with costs.
From the whole of the decree, the complainant appealed to the Chan-
cellor, by whom the same was affirmed with costs. From the last de-
cree the complainant (Slocum) appealed to the late Court of Errors.

*Hiram Slocum* swore that on or about the 29th November, 1845, he, for and on behalf of the appellant (Joseph Slocum) and Joseph P. Mosher, for and on behalf of the respondents (Mosher and Classon) agreed to submit and did submit the cause and the matters in controversy therein to the final arbitrament, decision and settlement of David L. Seymour, Esq. of the city of Troy, and Samuel Stevens, Esq. of the city of Albany, and signed and transmitted to Seymour a writing which was received by him and remains in his possession, in the words and figures following, to wit :

"*Troy, Nov. 29th.*

Mr. Seymour: Sir,—Mr. Slocum and myself agree to have you and Mr. Stevens settle our Chancery suit for us, as we have not much hopes of having it settled in our lifetime without this disposition.

JOSEPH P. MOSHER,
HIRAM SLOCUM, for
JOSEPH SLOCUM."

And believed that a like instrument was at the same time made and signed and transmitted to Stevens. That he was fully authorized and empowered to settle or submit the cause for the appellant, and to make such agreement and submission thereof for him. And he was informed and believed that Seymour and Stevens had conferred upon the subject, but had not been able to come to any satisfactory conclusion between themselves. And no proceedings have been had in the cause since the submission, until the respondents noticed it for argument at this term. That he was a brother of the appellant (who has, since the submission of the cause, gone to Europe, and is there now engaged in business) and a surety for him upon the appeal, and has had the principal care and management thereof for him. That Classon was wholly destitute of property, and that Mosher was the Defendant principally interested and solely responsible.

*Joseph P. Mosher*, one of the respondents, swore that he never did for himself and Classon, or for himself, agree to submit this cause and the matters in controversy therein to the arbitrament or decision of Seymour and Stevens; but that on the 29th November, 1845, after being urged some time by Hiram Slocum for a settlement of the cause, he told Slocum that he was willing to do whatever his counsel, Samuel Stevens, would say he ought to do in relation to the cause—that Slocum said he was willing to do whatever his counsel, David L. Seymour, would say he ought to do in the cause, and proposed that they (Mosher and Slocum) should have them say how the suit should be settled, and thereupon the instrument, a copy of which is set forth in Slocum's affidavit was signed by them. That it was not supposed or intended that the

cause was submitted to the arbitrament of Seymour and Stevens any other way than if they should agree upon the terms upon which the cause should be settled, the parties would be bound by it—and it was fully and distinctly understood that if Seymour and Stevens should not act in the premises, or should not agree upon the terms of settlement, the cause was to proceed and be brought to a decision in the Court of Errors. That in January, after this conversation, Slocum told him that Seymour and Stevens could not agree; and Slocum requested him to agree that a third person be appointed to determine the matter, which he decidedly refused, and answered that he had no idea of submitting to any decision except that of the court, unless his counsel should agree to some other disposition of the cause. That he never had any authority to act for Classon in the premises, and never did act or profess to act for or to enter into any agreement for him in any manner whatever, although he supposed that Classon would be governed by the opinion and advice of Mr. Stevens, who was also his counsel in the cause. That the whole intent and object of the agreement was simply that if his counsel saw fit to and did settle the cause, he, on his part, would be bound by it, and this was fully and clearly understood by Slocum.

J. A. SPENCER, counsel for appellant, insisted, *First*, That the affidavit of Hiram Slocum, and the copy agreement, showed a submission to arbitration. It might be as well by parol as in writing. ( *Wells* v. *Lain*, 15 Wend. 99.)

*Second.* Such a submission was a discontinuance of the suit. (18 John. 22 ; *Ex parte Wright*, 6 Cow. 399 ; *Towers* v. *Wilcox*, 12 Wend. 506 ; *Larkin* v. *Robbins*, 2 Wend. 505.) It was so whether arbitrators had met and took upon themselves the decision of the cause or not. " The court would not look beyond the submission."

*Third.* The respondent, Mosher, being the purchaser of the land, was the only party in interest, for the decree, if made in the cause, would be for him to convey. (*Boyd* v. *Vandelcar*, 1 Barbour, 273.)

S. STEVENS, counsel for respondents, insisted, *First*, That the agreement did not amount to a submission of the cause to arbitration. It was merely an agreement that the counsel for the respective parties might settle the cause, or more properly agree upon the terms upon which it should be settled by the parties.

*Second.* That if the agreement could by possibility be construed into a submission of the cause to arbitration, it was a submission of part of it only as to the respondents, Classon never having signed the agreement, nor authorized Mosher to sign it for him, and the consequence would be that the suit could only be discontinued in part.

The court took the papers and held the motion under advisement a few days, when JEWETT, Chief Judge, gave the decision, stating that the court considered that the agreement entered into by the parties, did not amount to a submission of the cause to arbitration, and denied the motion with costs.